Filed 10/26/22 In re J.S. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re J.S., a Person Coming Under the Juvenile Court Law. | B319510 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. O.S., Defendant and Appellant. | (Los Angeles County Super. Ct. No. 19CCJP05727D) |

APPEAL from an order of the Superior Court of Los Angeles County, Nancy A. Ramirez, Judge. Conditionally reversed with directions.

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, and Kim Nemoy, Assistant County Counsel, for Plaintiff and Respondent.

_____

Father appeals from the March 2, 2022 order terminating parental rights under Welfare and Institutions Code section 366.26[1] as to J.S. (minor).  Father contends the juvenile court erroneously failed to ensure compliance with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.).

We conditionally reverse and remand the matter solely for the court to ensure compliance with ICWA and related California statutes.

## FACTUAL AND PROCEDURAL BACKGROUND

The Los Angeles County Department of Children and Family Services (Department) filed a petition under section 300, alleging minor and his older half-siblings were at risk of harm based on domestic violence between father and mother.[2]  As part of the Department's initial investigation, mother and father denied any Indian ancestry.  Mother and father were not present at the July 1, 2020 detention hearing, but the court appointed counsel for each parent, and found that ICWA did not apply.  The appellate record includes an ICWA-20 form signed by mother's

_____

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] Mother and the other children are not parties to the current appeal.

appointed counsel, stating that mother did not have any Indian ancestry. A similar form for father was unsigned.

Despite evidence that minor was placed with maternal grandmother, and Department employees had contact information for or were in contact with a number of maternal and paternal relatives, there is no indication that any relatives were ever asked about possible Indian ancestry.

Father's first court appearance was at the adjudication hearing on March 11, 2021. At that hearing, the court did not ask father about Indian ancestry, nor did the court make any ICWA findings. Father appeared again at the disposition hearing on March 23, 2021 and testified briefly. The court denied reunification services for father under section 361.5, subdivision (e). Again, the court did not ask father about possible Indian ancestry, and it made no ICWA determination.

As far as we can tell from the record, mother never appeared. The section 366.26 hearing was continued several times due to difficulty serving notice on mother, but eventually took place on March 2, 2022. The court terminated parental rights as to minor, and no mention of ICWA was made. Father appealed.

## DISCUSSION

"Congress enacted ICWA in 1978 in response to 'rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes.' "

3

(*In re Isaiah W.* (2016) 1 Cal.5th 1, 7.) Both ICWA and California law define an " 'Indian child' " as a child who is either a member of an Indian tribe or is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe. (25 U.S.C. § 1903(4); § 224.1, subds. (a) & (b); see *In re Elizabeth M.* (2018) 19 Cal.App.5th 768, 783.)

California statutory law incorporates the requirements of ICWA, and imposes some additional requirements as well. (*In re Abbigail A.* (2016) 1 Cal.5th 83, 91; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 741–742.) State and federal law require the court to ask parties and participants at the outset of an involuntary child custody proceeding whether they have reason to know a minor is an Indian child, and to "instruct the parties to inform the court if they subsequently receive information that provides reason to know the child is an Indian child." (25 C.F.R. § 23.107(a); § 224.2, subd. (c); see *Benjamin M.*, at p. 741.) Initial inquiry also includes requiring each party to complete the parental notification of Indian status (ICWA-020) form. (Cal. Rules of Court, rule 5.481(a)(2)(C).)

State law imposes on the Department a first-step inquiry duty to "interview, among others, extended family members and others who had an interest in the child." (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; see § 224.2, subd. (b).) Federal regulations explain that the term "extended family member is defined by the law or custom of the Indian child's Tribe or, in the absence of such law or custom, is a person who has reached age 18 and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 C.F.R. § 23.2 (2017).) When there is "reason to believe that an Indian child is involved

in a proceeding," further inquiry is also required. (§ 224.2, subd. (e); *In re T.G.* (2020) 58 Cal.App.5th 275, 290, fn. 14.) "We review claims of inadequate inquiry into a child's Indian ancestry for substantial evidence." (*In re H.V.*, at p. 438.)

The Department concedes on appeal that the initial inquiry requirements of ICWA and related state law were not met in this case, and asks us to either conditionally affirm or reverse the juvenile court's order terminating parental rights, with instructions limiting remand of the matter to ordering the juvenile court to ensure compliance with ICWA's requirements.

We agree that the court erred in finding ICWA inapplicable, as the court did not ask father about possible Indian ancestry at his first appearance (or thereafter) in the dependency case, did not subsequently attempt to ensure that each parent completed and filed an ICWA-020 form, and proceeded in the absence of any evidence that the Department asked available extended family members about the possibility that minor has Indian ancestry. (See, e.g., *In re H.V.*, *supra*, 75 Cal.App.5th at p. 438 [prejudicial error when Department fails to discharge its first step duty of inquiry]; *In re Benjamin M.*, *supra*, 70 Cal.App.5th at p. 741 [court must ask each participant in child custody proceeding].)

# DISPOSITION

The juvenile court's March 2, 2022 order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally reversed and remanded for proceedings required by this opinion. To the extent mother or father is available, the court shall ask about possible Indian ancestry. The court shall also order the Department to make reasonable efforts to interview available extended paternal relatives about the possibility of minor's Indian ancestry and to report on the results of the Department's investigation. Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in the children. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating parental rights is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

NOT TO BE PUBLISHED.


MOOR, J.


We concur:


RUBIN, P. J.


KIM, J.